J-S34013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAQUAN DUANE FAULK | : | |
| | : | |
| Appellant | : | No. 153 WDA 2023 |

Appeal from the PCRA Order Entered January 9, 2023
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0000596-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAQUAN DUANE FAULK | : | |
| | : | |
| Appellant | : | No. 444 WDA 2023 |

Appeal from the PCRA Order Entered January 9, 2023
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0001868-2018

BEFORE:  LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED: December 8, 2023**

Daquan Duane Faulk appeals, *pro se*, from the order, entered in the

Court of Common Pleas of Westmoreland County, dismissing his petition[1] filed

---

[1] Faulk filed one petition containing both Docket Number CP-65-CR-0000596-2017 (No. 596-2017), and Docket Number CP-65-CR-0001868-2018 (No. 1868-2018).  We note that each of these dockets resulted in negotiated guilty pleas and the guilty pleas were entered in different years, as detailed ***infra***.

pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-

9546.[2]  After careful review, we affirm.

We adopt the following factual and procedural histories as summarized

by the PCRA court:

### Guilty Plea Involving Docket N[o.] 596-2017

The charges in the case at [No. 596-2017] arose from an incident
that took place on August 17, 2016, at the Westmoreland County
Prison.  On that date, [Faulk] was recorded striking Corrections
Officers Seth Kristoff and Joseph Sibal multiple times, causing
them injuries that required medical treatment.  [Faulk] was
charged by criminal information on March 22, 2017 with four []
counts of [a]ggravated [a]ssault, 18 Pa.C.S.A. §[§ ]2702(a)(2)
and (3); two [] counts of [a]ssault by [p]risoner, [*id.* at] §[
]2703(a); and two [] counts of [s]imple [a]ssault, [*id.* at] §[
]2701(a)(1).  [Faulk] had two [] other pending[, unrelated,] cases
at the time he was charged at [No. 596-2017]. . . .  On December
14, 2016, Valerie Veltri, Esq[uire], was appointed to represent
[Faulk] on all three [] cases.  [Faulk] had already been deemed
competent at a hearing before the Honorable Rita Hathaway [(trial
court)]. . . on October 25, 2016.  Nonetheless, [Attorney] Veltri
filed a [p]etition for [m]ental [h]ealth [e]valuation of [Faulk] on
September 20, 2017.  Although [the trial court] granted that

_____

[2] On February 6, 2023, Faulk filed a single timely notice of appeal listing both
of the above-captioned docket numbers, in violation of Pa.R.A.P. 341 and our
Supreme Court's holding in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa.
2018).  However, our Supreme Court has recently held that appellate courts
may permit appellants to correct a ***Walker*** violative notice of appeal where
the underlying notice of appeal was timely filed.  ***See Commonwealth v.
Young***, 265 A.3d 462 (Pa. 2021).  Accordingly, on March 31, 2023, this Court
directed Faulk to file two amended notices of appeal in the PCRA court, with
each notice listing only one trial court docket number.  ***See*** Order, 3/31/23,
at 1-3.  In the same order, this Court directed the prothonotary, upon receipt
of Faulk's amended notices of appeal, to consolidate Faulk's appeals.  ***See id.***
at 3.  Faulk complied and filed two amended notices of appeal, each with its
own trial court docket number, on April 12, 2023.  This Court *sua sponte*
consolidated Faulk's appeals.  ***See*** Pa.R.A.P. 513.

motion, the mental health evaluation never took place because [Faulk], who denied mental health problems, refused to cooperate.

[Faulk] was originally set to plead guilty before [the trial court] on October 2, 2017. However, he postponed this [one] day because he wanted his mother to be present. [O]n October 3, 2017, [Faulk], with the advice of Attorney Veltri, executed a negotiated [written g]uilty [p]lea [colloquy] and entered guilty pleas at all three [] cases. . . . At [No. 596-2017, Faulk] agreed to plead guilty to two [] counts of [a]ssault by [p]risoner. [Faulk] acknowledged that Attorney Veltri advised him of the following:

1. The nature of the charges filed against him;

2. Each element of each offense that must be proven beyond a reasonable doubt;

3. Any and all lesser included [offenses];

4. All possible defenses he might have in his case;

5. His legal rights as a person charged with a crime; and

6. The possible consequence of entering a guilty plea.

[*See* Guilty Plea Petition, 10/3/17, at] ¶3. [Faulk] also indicated [his] understanding that he had the right to plead not guilty to any of the charges filed against him and that entering a plea of guilty would affect his rights to a jury trial, to a speedy trial, to confront his accusers[,] to compel the production of evidence, to the assistance of counsel, and to the right against self-incrimination. [*Id.* at ¶ 4]. [Faulk] recognized that he had been advised by [Attorney Veltri] of the maximum possible sentences to the charges to which he was pleading guilty, of the sentencing guidelines as they related to his prior record score, the offense gravity scores[,] and the possible ranges of sentences applicable to each crime for which he was pleading guilty. [*Id.* at ¶ 7]. [Faulk] also admitted that his physical and mental health was satisfactory. [*Id.* at ¶ 12]. [Faulk] signed his name to the [p]etition, noting that he "offered his plea of guilty freely and voluntarily and of [his] own accord and free will and with full understanding of all the matters set forth in the [criminal i]nformation and in [this] petition." [*Id.* at ¶ 27].

After [Faulk] completed the [p]etition, [the trial court] conducted a colloquy[, in relevant parts,] . . . as follows:

BY THE COURT

Q: Do you understand your trial rights and your appeal rights as [Attorney] Veltri explained them to you?

A: Yeah.

* * *

Q: Do you understand, Mr. Faulk, at all three cases what you're pleading guilty to, what the Commonwealth would have to prove and what the maximum penalties could be?

* * *

A: Yes.

Q: And you understand that if you were convicted, the penalties could all be consecutive meaning one on top of the other?  If you went to trial, and you're not going to trial, but if you were[,] you could get consecutive, meaning one on top of the other, do you understand that?

* * *

A: Yeah

Q: Has anybody threatened you or promised you anything except for this plea?  Has anybody threatened you or promised you anything other than they promised you or said they would recommend this plea. . . .?

A: No, not that I know of.

* * *

BY [ATTORNEY] VELTRI:  Your Honor, I wanted to put a few things on the record.  We did have a competency hearing and there's been an attempt by Louis Martone twice to visit Mr. Faulk to determine some mental health issues.  This

- 4 -

court has ruled him competent. Mr. Faulk believes he is competent, but as his attorney and his advocate, I do believe there are some issues that need to be resolved. I'm asking the court . . . upon sentencing if he would be seen at some place that could help with any kind of –

[Faulk]: No, I don't need [any] mental health.

[Trial Court]: That's not up to me. I did have a hearing in October of 2016. I listened to experts and I've determined that Mr. Faulk is competent. Then you asked for a reevaluation on competency. My understanding is that two times [] Martone attempted to see your client and [Faulk] refused to interact with him[.]

[N.T. Guilty Plea Hearing, 10/3/17, at 7, 11-13, 22-23, 26.]

[The trial court accepted the negotiated plea.] In accordance with the negotiated plea, [the trial court] sentenced [Faulk at No. 596-2017] to an aggregate sentence of three [] to ten [] years[' imprisonment]. . . .[3] [Faulk] filed neither post-sentence motions nor a direct appeal [from] his judgment of sentence.

## Guilty Plea Involving Docket N[o. 1868-2018]

At [No. 1868-2018, Faulk], on June 26, 2018, was charged by criminal information with [a]ttempt to [c]ommit [h]omicide, 18 Pa.C.S.A. § 901(a), . . . and [p]erson [n]ot to [p]ossess [f]irearm, [*id.* at §] 6105(a)(1)[.] According to the complaint, on May 28, 2017, [Faulk] shot Marque Sanders three times. On May 2, 2018, [Attorney] Veltri was again appointed as counsel for [Faulk]. [Attorney Veltri] had also been appointed to represent [Faulk] at [another unrelated docket] for charges stemming from an alleged kidnapping and shooting of a woman on May 31, 2016.

On November 19, 2018, with the assistance of Attorney Veltri, [Faulk] pled guilty at both docket[s]. At [No. 1868-2018], [Faulk]

---

[3] Faulk was sentenced, at the other two unrelated dockets, to periods of incarceration of 20 to 40 years, and five to ten years, respectively. *See id.* The trial court imposed all three sentences, including the sentence at No. 596-2017, concurrently. *See id.* This resulted in an aggregate sentence of 20 to 40 years' incarceration from this set of plea deals. *See id.*

agreed to plead guilty [as charged]. . . . As he had [at No. 596-2017], [Faulk] executed another [written g]uilty [p]lea [colloquy] applicable to both cases. The form was identical to that completed the prior year[, described ***supra***]. During the [on-the-record] [g]uilty [p]lea [c]olloquy, [Faulk] indicated that he was not satisfied with [Attorney] Veltri's representation, but stated that he was satisfied with the plea agreement. [***See*** N.T. Guilty Plea Hearing, 11/19/18, at 10-11]. Pursuant to the agreement, [the trial court] sentenced [Faulk] to an aggregate period of incarceration of ten [] to twenty [] years. This was to run concurrent with the sentence[s] imposed on October 3, 2017 – meaning that [Faulk] received no additional time in prison as a result of these crimes. Despite being advised of his appeal rights, [Faulk again] filed neither post-sentence motions nor a direct appeal.

PCRA Court's Notice of Intention to Dismiss PCRA Petition, 11/21/22, at 2-7 (footnote and some citations omitted).[4]

On June 27, 2022, Faulk filed the instant *pro se* PCRA petition at the above-captioned dockets. The PCRA court appointed Kenneth Noga, Esquire, to represent Faulk. On August 3, 2022, Attorney Noga filed a ***Turner***/***Finley***[5] no-merit letter, accompanied by a motion to withdraw.

On November 21, 2022, the PCRA court issued notice of its intent, pursuant to Pa.R.Crim.P. 907, to dismiss Faulk's PCRA as untimely filed and provided Faulk twenty days to file a response. ***See*** PCRA Court's Notice of Intention to Dismiss PCRA Petition, 11/21/22, at 12-13. Therefore, any response from Faulk was due on or before December 12, 2022.

---

[4] The PCRA court incorporated its Pa.R.Crim.P. 907 notice of intent to dismiss into its Pa.R.A.P. 1925(a) opinion. ***See*** PCRA Court Opinion, 3/13/23, at 1.

[5] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

On December 6, 2022, Faulk filed a handwritten response, in which he indicated that he had been diagnosed with schizophrenia. ***See*** First Rule 907 Response, 12/6/22, at 1.[6] Additionally, Faulk stated that his diagnosis had prevented him from understanding his guilty pleas in the above-captioned cases and had further prevented him from filing timely direct appeals from his respective judgments of sentence. ***See id.*** On December 27, 2022, Faulk filed a second response, titled "Defendant's Response to the Commonwealth's Notice to Dismiss Defendant's Petition for Post-Conviction Relief Act."[7] ***See*** Second Rule 907 Response, 12/27/22, at 1.

On January 9, 2023, the PCRA court dismissed Faulk's PCRA petition concluding that it lacked jurisdiction, because Faulk's petition was untimely and no exception to the PCRA time-bar applied. ***See*** Order, 1/9/23, at 2-3. In the same order, the PCRA court accepted Attorney Noga's ***Turner***/***Finley*** no-merit letter and granted his motion to withdraw. ***See id.*** at 3.

As noted ***supra***, Faulk, acting *pro se*, filed timely notices of appeal, and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Faulk now raises the following claims for our review:

---

[6] Faulk's first response was otherwise unresponsive to the trial court's Rule 907 notice. Additionally, on appeal, Faulk only challenges the PCRA court's purported failure to consider his second response, as detailed ***infra***.

[7] Faulk's second response was not docketed until January 6, 2023. However, the PCRA court acknowledges that it was filed on or about December 27, 2022. ***See*** PCRA Court Opinion, 3/13/23, at 1.

1. [Whether Faulk] was deprived of his protected right to effective assistance of counsel when after [Faulk] pled guilty, [Attorney Veltri,] without fil[]ing a motion to withdraw according to *Turner*/*Finley*, dec[i]ded to abandon [Faulk]. Did [Attorney Veltri] deprive[ Faulk] of his right to appeal?

2. Because [Faulk] filed his [second response] . . . within the 30[-]day deadline[,] did the [PCRA] court err[] when deciding that [Faulk]'s [second response] was untimely?

Brief for Appellant, at 4.

Prior to addressing Faulk's claims, we must address the timeliness of the instant PCRA petition. "On appeal from the denial of relief under the [PCRA], the standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Martin*, 5 A.3d 177, 182 (Pa. 2010). Additionally, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, as noted above, Faulk's judgment of sentence at No. 596-2017 was entered on October 3, 2017. Faulk did not file a direct appeal and, consequently, his judgment of sentence became final on November 2, 2017. *See* Pa.R.A.P. 903(a). Thus, Faulk had until November 2, 2018 to file a timely

PCRA petition at No. 596-2017. *See* 42 Pa.C.S.A. §§ 9545(b)(1), (3). Similarly, Faulk's judgment of sentence at No. 1868-2018 was entered on November 19, 2018. Faulk did not file a direct appeal and, consequently, his judgment of sentence became final on December 19, 2018. *See* Pa.R.A.P. 903(a). Thus, Faulk had until December 19, 2019, to file a timely PCRA petition at No. 1868-2018. *See* 42 Pa.C.S.A. §§ 9545(b)(1), (3). Faulk's instant petition was filed on June 27, 2022, three-and-one-half and two-and-one-half years beyond the one-year time limit at No. 596-2017 and No. 1868-2018, respectively. Thus, it is patently untimely at both dockets.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). These three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).

"The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017).

In his first claim, Faulk does not invoke any of the three PCRA time-bar exceptions and, therefore, his petition is untimely. **See Albrecht**, **supra**. Accordingly, we discern no error in the PCRA court's dismissal of Faulk's PCRA petition as untimely, as the PCRA court was without jurisdiction to review the merits of his petition.[8]

In his second claim, Faulk contends that the PCRA court erred in failing to consider his second response to the PCRA court's Rule 907 notice as timely filed. **See** Brief for Appellant, at 14-15. Faulk argues that, as an incarcerated individual, he should have been afforded the benefits of the "prisoner mailbox rule" in filing his second response. **See id.** Faulk asserts that he had 30 days to file a timely response, and his hand-dated cover page indicates that he filed his second response on December 14, 2022, within the 30-day time period. **See id.**

---

[8] To the extent that Faulk argues Attorney Veltri rendered ineffective assistance of counsel by failing to withdraw from representation and thereby precluded Faulk from filing a direct appeal, this claim is without merit. The courts of this Commonwealth have long frowned upon hybrid representation. **See Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011). However, this bar on hybrid representation **does not extend to the filing of a notice of appeal**. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) ("this Court is required to docket a *pro se* notice of appeal despite [a]ppellant being represented by counsel"). Thus, Faulk could have filed a *pro se* notice of appeal after he plead guilty at any of the above-captioned dockets, while still represented by Attorney Veltri. **See id.**

The "prisoner mailbox rule" provides that "[a] *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities as **documented by a properly executed prisoner cash slip or other reasonably verifiable evidence**." Pa.R.A.P. 121(f) (emphasis added).

As we noted ***supra***, on November 21, 2022, the PCRA court issued notice of its intent to dismiss Faulk's PCRA petition, and afforded Faulk **20 days** to file a response. ***See*** Order, 11/21/22, at 1; ***see also*** Pa.R.Crim.P. 907(1) (PCRA petitioners have 20 days to file timely response to notice of intent to dismiss). Faulk's second response was docketed as received on January 9, 2023, well outside the 20-day limit. However, as stated above, the PCRA court indicated that it received Faulk's second response on December 27, 2022, and, consequently, considered it filed on that date. ***See*** PCRA Court Opinion, 3/13/23, at 1.

In filing his second response, Faulk provided no prison cash slip, nor any other reasonably verifiable evidence as required by the prisoner mailbox rule. ***See*** Pa.R.A.P. 121(f). Indeed, despite his contentions to the contrary, a hand-dated cover sheet is insufficient evidence of the date it was handed to prison authorities because it effectively boils down to a bald assertion.

In any event, none of the three dates, January 9, 2023, December 27, 2022, or December 14, 2022, fall within the 20-day period[9] within which Faulk was permitted to file a timely response. *See* Order, 11/21/22, at 1; *see also* Pa.R.Crim.P. 907(1). Moreover, this was Faulk's **second** response, and he neither petitioned nor received permission to file any additional responses. Consequently, this claim is without merit and the PCRA court did not err in finding Faulk's second response untimely. *See* Pa.R.A.P. 121(f).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/8/2023

---

[9] As noted above, the 20-day period ended on December 12, 2022, a Monday.